UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH M. & PAMELA CASEY, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-9049** |
| **ESSEX INSURANCE COMPANY** | **SECTION: "S" (2)** |

### ORDER AND REASONS

The motion to remand (Doc. #6) filed on behalf of the plaintiffs Keith and Pamela Casey and Adam Agency, LLC is **GRANTED.**

### BACKGROUND

This is a Katrina insurance dispute which was removed on November 20, 2007, to this court from the Civil District Court for the Parish of Orleans, State of Louisiana.[1] The underlying state petition is silent with regard to the damages sought; plaintiffs seek further insurance proceeds, penalties and attorney's fees under a policy issued by defendant Essex Insurance Company.

Defendant asserts that this court has diversity jurisdiction under 28 U.S.C. §1332. Defendant states that plaintiffs are citizens of Louisiana; that it is a corporation organized under the laws of

---

[1] *Keith M. And Pamela V. Casey v. Essex Ins. Co.,* No. 2007-9049, Civil District Court for the Parish of Orleans, State of Louisiana.

Delaware with its principal place of business in Virginia; and that the amount in controversy exceeds $75,000.

Plaintiffs concede that the parties are diverse, but deny that defendant has satisfied its burden of proving the requisite amount in controversy to satisfy diversity jurisdiction. Specifically, plaintiffs claim that on the date of the removal, "the amount in controversy was approximately $66,000, exclusive of costs, interest, attorney's fees and bad faith penalties under Louisiana law."[2] Plaintiffs argue that unless defendant wants to concede that statutory penalties are owed, it must do more than point to the possibility of penalties and fees by presenting facts indicating that the likelihood of those penalties if plaintiffs are to prevail.

Defendant urges that the jurisdictional amount is supported by plaintiffs' failure to allege that the amounts in controversy are less than $75,000, and their failure to sign a binding stipulation that was prepared by defendant and states that the amount in controversy is below $75,000. Further, defendant asserts that plaintiffs' claim for fees and penalties must be considered when assessing the amount in controversy. Moreover, defendants claim that a post-removal letter dated December 26, 2007, from plaintiffs' counsel substantiate that the amount in controversy exceeds $75,000 because the letter contains a settlement demand of $133,000.00.[3]

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that

---

[2] *See* plaintiffs' memorandum in support of motion for remand. Plaintiffs are claiming penalties and attorney's fees under La. Rev. Stat. §§22:658 and 1220.

[3] *See* Ex. A of Essex Insurance Company's Opposition to Motion to Remand.

"[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "To determine whether jurisdiction is present for removal, we consider the *claims in the state court petition as they existed at the time of removal*."[4] Ambiguities are construed against removal because the removal statue should be strictly construed in favor of remand.[5]

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[6]

Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim.[7] As the Fifth Circuit has noted, "[i]n such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[8] A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied.[9]

If the "facially apparent" test is not met, the court may consider summary judgment type

---

[4] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied, Torreblanca de Aguilar v. Boeing Co.*, 516 US 865 (1995))(emphasis added).

[5] *Manguno*, 276 F.3d at 723 (*citing Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000)).

[6] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[7] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(*citing* La. Code. Civ. Proc. art. 893).

[8] *Luckett*, 171 F.3d at 298; *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

[9] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

evidence relevant to the amount in controversy as of the time of removal.[10] If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000.[11]

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.[12] The defendant must do more than point to a state law that *might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[13]

Further, jurisdictional facts that support removal must be judged at the time of the removal.[14] Under 28 USC§1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion order or other paper from which it may first be ascertained that the case is one which is or has become removable. ...

While a post-complaint demand letter may be an "other paper" under Section 1446(b) sufficient to

---

[10] *Allen*, 63 F.3d at 1336.

[11] *De Aguilar*, 47 F.3d at 1412.

[12] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

[13] *See De Aguilar*, 47 F.3d at 1412 (emphasis in original).

[14] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F3d 880, 883 (5th Cir. 2000).

give notice that a case is removable,[15] a post-removal settlement demand is not.[16]

*Jurisdictional Amount Not Established at Time of Removal*

In the underlying state court Petition, plaintiffs do not allege a specific amount of damages, nor do the plaintiffs allege a "total loss" of their home. Defendant's conclusional references to allegations which are silent about the amount in controversy do not meet the "facially apparent" requirement that the amount in controversy exceeds $75,000.[17] Hence, it is not "facially apparent" from plaintiffs' petition that the requisite amount in controversy exists. Thus, defendant must set forth the facts in dispute support a finding that the jurisdictional amount is satisfied.[18]

In its Notice of Removal, defendant urges that the amount in controversy exceeds $75,000 because the insurance policy in dispute contains a $150,000 limit, and because plaintiffs are seeking penalties and attorney fees.[19] However, neither assertion can support the removal jurisdictional amount as neither establishes the value of the claim and that the value of the claim satisfies that jurisdictional amount in controversy.[20] Further, defendant's reliance on plaintiffs' refusal to sign a stipulation which was created by the defendant and regarding the amount in controversy, is also

---

[15] *Addo v. Globe life and Accident Insurance Co.*, 230 F.3d 759 (5th Cir. 2000)(wherein a post-complaint demand letter sent prior to removal constituted "other paper" under 1446(b), but remand granted because removal was after reception of post-complaint letter demand was untimely).

[16] *See Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993).

[17] *De Aguilar*, 47 F.3d at 1412.

[18] *Allen*, 63 F.3d at 1335.

[19] Defendant does not provide a copy of its policy; copies of payments, if any, that were made to the plaintiffs; or any damage estimates, if any.

[20] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see De Aguilar*, 47 F.3d at 1412.

inappropriate as it shifts the burden to the plaintiffs to prove removal jurisdiction, which is clearly defendant's burden.[21]  Finally, the defendant reliance upon a post-removal demand letter from plaintiffs' counsel cannot support that the jurisdictional amount was established at the time of removal.[22]

The defendant has not met its burden of proof through a preponderance that the amount n controversy exceeds $75,000.  Therefore, this court lacks diversity jurisdiction.  Accordingly, the motion to remand is GRANTED.

New Orleans, Louisiana, this   6th   day of May, 2008.

*MARY ANN VIAL LEMMON*
*UNITED STATES DISTRICT JUDGE*

---

[21]*Jernigan,* 989 F.2d at 815.  The court may consider post-removal affidavits or stipulations in limited circumstances to determine the amount in controversy as of the date of removal.  *Gebbia,* 233 F.3d at 883.  However, the absence of a stipulation by plaintiff is not a factor to consider when determining whether defendant has borne its burden of proving that the jurisdictional amount exists.

[22]*See Marcel,* 5 F.3d at 85.